UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                          Criminal No. 03-354(2) (JNE/JGL)
                                                            Civil No. 13-945 (JNE)
Donald Leonard Sturgis,                     ORDER

        Defendant.

This case is now before the Court on Defendant Donald Sturgis's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence, and four other motions. For the reasons stated below, the Court denies Sturgis's motions.

## I.     BACKGROUND

In 2003, Sturgis and co-defendant Robert Roberson were charged in a two-count indictment with conspiracy to distribute fifty grams or more of cocaine base (crack) and with aiding and abetting possession with intent to distribute crack. The jury found Sturgis guilty on both counts. After sentencing, Sturgis appealed his convictions and his sentence to the Eighth Circuit. The Eighth Circuit upheld the convictions, but it twice remanded for resentencing in light of intervening Supreme Court decisions. *See United States v. Roberson*, 517 F.3d 990 (8th Cir. 2008); *United States v. Roberson*, 439 F. 3d 934 (8th Cir. 2006). After the Court resentenced Sturgis for the second time, the Eighth Circuit affirmed that sentence on appeal. *United States v. Sturgis*, 366 Fed. App'x 713, 714 (8th Cir. 2010), *vacated*, 131 S. Ct. 1468, 1469 (2011). But the Supreme Court vacated the judgment and remanded the case to the Eighth Circuit for further consideration in light of *Arizona v. Gant*, 556 U.S. 332 (2009). *Sturgis v. United States*, 131 S. Ct. 1468, 1469 (2011). On remand, the Eighth Circuit affirmed the district court. *United States v.*

1

*Sturgis*, 652 F.3d 842, 845 (8th Cir. 2011). Sturgis petitioned for a writ of certiorari, which was denied. *Sturgis v. United States*, 132 S. Ct. 1937, 1937 (2012). Sturgis then brought this timely § 2255 motion and three other motions.

## II.     ANALYSIS

### A.  Original § 2255 Motion

The court will first turn to Sturgis's § 2255 motion. A prisoner whose "sentence was imposed in violation of the Constitution or laws of the United States" may under § 2255 "move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). "A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). "Accordingly, a petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.*

In his motion, Sturgis claims ineffective assistance of trial and appellate counsel, selective prosecution, and violation of the Equal Protection Clause. Sturgis also claims that the Court made various errors. The Court will address each claim in turn.

#### 1.  Ineffective Assistance of Counsel

In § 2255 motion, a prisoner may raise an ineffective assistance of counsel claim. *See Massaro v. United States*, 538 U.S. 500, 504–06 (2003). When a court is analyzing such a claim, it "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002)

2

(quotation omitted). "To succeed on a claim of ineffective assistance of . . . counsel, a defendant must prove 1) his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance, and 2) he suffered such prejudice stemming from the deficient performance there is a reasonable probability the proceeding would have had a different result." *Morelos v. United States*, 709 F.3d 1246, 1249–50 (8th Cir. 2013). "Failure to establish either prong is fatal to a claim of ineffective assistance." *Id.* at 1250 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

      i.    **Trial Counsel**

Sturgis argues that his trial counsel had multiple deficiencies. First, he asserts that his attorney failed to argue that Sturgis should be released on bond; he argues he was prejudiced because being released on bond would have put him in a better position to defend himself and he could have used his employment while he was released as character evidence. Notably, Sturgis's attorney did request pre-trial release, although he did not specifically ask for bond, and Sturgis's attorney did introduce evidence at trial that Sturgis was employed until his arrest. (Dkt. 185 at 431; Dkt. 350, Exh. A at 32.) But Sturgis's argument fails because Sturgis's conclusory statements about prejudice do not show that the outcome of the trial would have been different if he had been released on bond.

Second, Sturgis argues that his counsel failed to claim that the search warrant was based on the false and misleading affidavit of Officer Scott Creighton. But after the trial, Sturgis's counsel did move for a judgment of acquittal or, alternatively, for a new trial because

Creighton's trial testimony suggested that he had placed inaccurate information in the warrant affidavit. (Dkts. 140, 141 at 4.)[1] Sturgis has failed to show deficient performance.

Third, Sturgis argues that his counsel was ineffective for failing to vigorously seek the disclosure of the identity of a confidential informant. But Sturgis's attorney did file a pretrial motion to disclose the identity of the confidential informant. (Dkt. 64.) After a magistrate judge denied Sturgis's motion (Dkt. 77), Sturgis's attorney objected (Dkt. 81) and, after considering the objections, this Court affirmed the magistrate judge's order. (Dkt. 90.) Posttrial, Sturgis's attorney moved for a judgment of acquittal or, alternatively, for a new trial; his attorney argued that Sturgis was denied his right to due process and a fair trial because the informant's identity was not disclosed. (Dkts. 140, 141 at 3–4.) The record shows that Sturgis's attorney did vigorously seek the disclosure of the confidential informant's identity, and consequently Sturgis has failed to show deficient performance.

Fourth, Sturgis appears to argue that his counsel was ineffective for allowing money found in the search of Sturgis's car to be admitted into evidence. But the record shows that Sturgis's counsel filed a pretrial motion to suppress items that were seized in the search of Sturgis's car. (Dkts. 60, 70.) After a magistrate judge recommended denying Sturgis's motion (Dkt. 79), Sturgis's attorney objected (Dkt. 82), and this Court adopted the magistrate judge's report and recommendation (Dkt. 91). Sturgis has failed to show deficient performance.

---

[1] Sturgis also seems to argue that his counsel was ineffective for failing to challenge the search warrant for lack of probable cause. Sturgis's counsel, however, did move to suppress the evidence recovered as a result of the search warrant, although his counsel did not specifically argue that the warrant itself lacked probable cause. (Dkts. 60, 70.) Nonetheless, Sturgis has failed to show that the lack of probable cause argument would have been successful. In fact, the Eighth Circuit rejected the same argument from his co-defendant on appeal. *See Roberson*, 439 F.3d at 939 ("Even if we assume that all of these statements or omissions [in the affidavit] are false and either recklessly or intentionally misleading, however, [Sturgis's co-defendant] has failed to show that the truthful, nonmisleading content within the affidavit is insufficient to establish probable cause.").

Fifth, although it is difficult to discern, Sturgis appears to argue that his attorney was ineffective by forcing Sturgis to not testify. Sturgis seems to argue that because his attorney forced him to meet with a United States Attorney prior to trial, Sturgis could not testify in his own defense because the Government would impeach him. But Sturgis offers no information about what his testimony would have been or how the Government could have impeached him based on the information obtained from the meeting. *See generally Washington v. Kemna*, 16 Fed. App'x 528, 530 (8th Cir. 2001) (noting that defendant failed to show that he was prejudiced when his attorney failed to advise him of his right to testify when the defendant did not state what he would have testified or how the testimony would have changed the outcome of the trial). Moreover, the record shows that the Court informed Sturgis that he had the right to testify and that the decision about whether to testify was his own. (Dkt. 185 at 436.) Sturgis then told the Court that he had decided not to testify. (*Id.* at 436–37.) The record reflects that Sturgis knew he had the right to testify. *See generally United States v. Orr*, 636 F.3d 944, 955 (8th Cir. 2011) (rejecting defendant's claim that his attorney dissuaded him from testifying because, in part, the record reflected that defendant knew he had the right to testify). Sturgis has failed to show prejudice.

Sixth, Sturgis appears to argue that his attorney was ineffective by failing to attack the credibility of Creighton. But the record shows that Sturgis's attorney cross-examined Creighton at the pretrial suppression hearing and at trial, and after it became apparent at trial that some of Creighton's statements in his affidavit might have been misleading, Sturgis's attorney moved for acquittal or, alternatively, for a new trial. (Dkts. 140, 141 at 4.) Sturgis has failed to show that his attorney's cross-examination was insufficient. And to the extent that Sturgis asserts that he was prejudiced because Creighton's trial testimony suggested that Creighton had placed false

5

information on the search warrant affidavit and that the search warrant would have never been issued had the court known of the false information, the Court rejects Sturgis's claim. The Eighth Circuit rejected a similar argument by Sturgis's co-defendant, namely, that the search warrant lacked probable cause because it was based on false information. The Eighth Circuit reasoned, "Even if we assume that all of these statements or omissions are false and either recklessly or intentionally misleading, however, [Sturgis's co-defendant] has failed to show that the truthful, nonmisleading content within the affidavit is insufficient to establish probable cause." *Roberson*, 439 F.3d at 939. Sturgis has failed to establish prejudice.

Seventh, Sturgis argues that his attorney was ineffective by not objecting to Officer Bart Hauge introducing Rule 404(b) evidence. But on this claim, Sturgis has failed to show deficient performance or prejudice.

Eighth, Sturgis argues that his counsel was ineffective by failing to adequately defend against the conspiracy count. But the record shows that Sturgis's attorney thoroughly cross-examined the Government's witnesses; argued in his closing that the Government presented no evidence to support the conspiracy charge; and argued in a posttrial motion for judgment for acquittal or, alternatively, for a new trial that the evidence did not support Sturgis's conspiracy conviction. Sturgis has failed to show deficient performance.

Finally, Sturgis argues that his counsel was acting under a conflict of interest. Generally ineffective assistance of counsel claims are analyzed under the *Strickland* deficient performance and prejudice framework. *Winfield v. Roper*, 460 F.3d 1026, 1039 (8th Cir. 2006). However, when a "defendant can show that an actual conflict of interest adversely affected his lawyer's performance," courts presume prejudice pursuant to the rule enunciated in *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). *Id.* (quotation omitted). The *Cuyler* rule presuming prejudice has not

been extended by the Supreme Court beyond cases in which an attorney has jointly represented more than one defendant, and the Eighth Circuit has declined to determine whether it should be applied to actual conflicts of interest that did not arise out of an attorney's joint representation of multiple defendants. *Morelos*, 709 F.3d at 1252. In conflicts cases not involving joint representation, the Eighth Circuit applies both the *Cuyler* and the *Strickland* standard. *Id.*

"Under *Cuyler* a defendant must prove the existence of an actual conflict of interest," which is a "conflict of interest that adversely affects counsel's performance." *Id.* (quotation omitted).

> To prove a conflict produced an adverse effect, a defendant must identify a plausible alternative defense strategy or tactic that defense counsel might have pursued, show that the alternative strategy was objectively reasonable under the facts of the case, and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

*Id.* (quotation omitted). In his motion, Sturgis argues that his counsel, Kassius Benson, suffered from a conflict because he worked at the same law firm as his co-defendant's first trial counsel, Stephen Grigsby, and Sturgis had problems with Benson after his co-defendant tried to fire Grigsby. But the Government produced the affidavit of Benson, who stated that although he and Grigsby shared office space, he was a solo practitioner, and Grisby and Benson were not "law partners, business partners, nor associates in the same firm." (Dkt. 350, Exh. B, ¶ 6.) Sturgis hinges his conflicts argument on a now-disproven fact that Benson and Grisby worked at the same firm, and he makes no other discernible argument about a defense strategy that Benson should have pursued but did not because of a conflict. Consequently, Sturgis has made no showing of adverse impact. Because Sturgis is unable to show an adverse impact under *Cuyler*, he is "necessarily unable to prove prejudice under the more rigorous *Strickland* standard typically governing ineffective assistance claims." *Winfield*, 460 F.3d at 1040; *see also United*

7

*States v. Young*, 315 F.3d 911, 914 & n.4 (8th Cir. 2003) (reasoning that defendant failed to meet *Strickland* standard for conflict of interest when defendant only argued that his attorney was a solo practitioner that shared office space with his co-defendant's attorney, another solo practitioner).[2]

### ii. Appellate Counsel

Sturgis also argues that his appellate counsel suffered from multiple deficiencies.

First, he argues that his appellate counsel was ineffective when he failed to ensure that Howard Kieffer, a post-conviction specialist his counsel hired, was a licensed attorney. Kieffer was a felon who falsely purported to be an attorney, and he was eventually convicted of mail fraud and making false statements. *United States v. Kieffer*, 621 F.3d 825, 827 (8th Cir. 2010). Sturgis's attorney, who was at the time unaware that Kieffer was not licensed to practice law, jointly filed with Kieffer a resentencing memorandum in 2006 after the first remand from the Eighth Circuit. *Id.* at 828. (Dkt. 213.) After the Court resentenced Sturgis, Sturgis appealed his sentence to the Eighth Circuit, and the sentence was vacated and the case remanded. *See Roberson*, 517 F.3d at 995–96. The record shows that Kieffer was not involved in Sturgis's second resentencing; only Sturgis's appellate attorney signed the sentencing memoranda and appeared at the sentencing hearing. (Dkts. 269, 276.) Because the first resentencing—the one that Kieffer was involved in—was vacated and Sturgis was resentenced a second time, Sturgis's arguments about his first resentencing are moot. *See United States v. Franklin*, 235 F.3d 1165, 1173 (9th Cir. 2000) ("Because any prejudice that Franklin might have suffered due to his trial counsel's ineffectiveness has been cured by resentencing and re-instatement of direct appeal, we

---

[2] Sturgis also seems to argue separately that his attorney was conflicted because he was aiding the Government. Sturgis points to a meeting his attorney set up between Sturgis and the Government, presumably either a plea negotiation or a proffer. Again, however, Sturgis has made no showing of adverse impact.

conclude that the district court did not err by finding Franklin's ineffective assistance claims moot."); *Futch v. United States*, Nos. CV409-146, CR402-285, 2011 WL 6328210, at *1 (S.D. Ga. Dec. 16, 2011) ("Because Petitioner received a second direct appeal for his resentencing, his ineffective assistance of counsel claim based on his first sentencing is moot."); *United States v. Shark*, 158 F. Supp. 2d 43, 55 (D.D.C. 2001) (noting that resentencing is the remedy a prisoner would be entitled to if he could show ineffective assistance of counsel at sentencing).

Second, Sturgis argues that his appellate attorney was ineffective during his second resentencing. During the second resentencing hearing, while the Court was imposing the sentence, the Court noted that Sturgis had raised his hand. The Court directed Sturgis to talk with his attorney first before addressing the Court. After a discussion was held off the record between Sturgis and his attorney, his attorney informed the Court that he had answered Sturgis's question. Sturgis appears to assert that in that off-the-record conversation, his attorney was ineffective because he told Sturgis to be quiet. But Sturgis has failed to show prejudice. At the time the conversation between Sturgis and his attorney occurred, the Court was in the middle of imposing a sentence, and Sturgis does not reveal what he would have told the Court that would have persuaded the Court to further reduce Sturgis's sentence. Sturgis also argues that in his second resentencing his attorney incorrectly informed the Court that Sturgis was 25 when he committed his prior offenses rather than 19. (Dkt. 296 at 4.) But for the second resentencing, the Court focused on the issue on remand from the Eighth Circuit: whether the crack cocaine/powder cocaine disparity warranted a lower sentence. *See Roberson*, 517 F.3d at 995. (Dkt. 296 at 15–

16.) Sturgis's age when he committed his prior offenses simply was not relevant in the second resentencing.[3]

Finally, Sturgis argues that after the Supreme Court remanded his case to the Eighth Circuit for further consideration in light of *Arizona v. Gant*, 556 U.S. 332 (2009), his appellate counsel was ineffective for failing to argue to the Eighth Circuit that Sturgis's arrest was not supported by probable cause. But *Gant* involved the question of whether a search of a car incident to arrest was appropriate, not the question of whether an arrest was supported by probable cause. *See Gant*, 556 U.S. at 335. Sturgis's appellate attorney was not ineffective for not raising an issue that was not within the scope of remand. *See Sturgis*, 131 S. Ct. at 1469. Sturgis also appears to argue that his appellate attorney failed to petition for certiorari after the Eight Circuit issued its opinion in 2011. But the record shows that a petition for certiorari was filed—although it is not clear by whom—and ultimately denied. *See Sturgis*, 132 S. Ct. at 1937. Nonetheless, Sturgis does not have a constitutional right to counsel to file a petition for certiorari in the Supreme Court; without a constitutional right to counsel, Sturgis "cannot be deprived of the effective assistance of counsel." *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) (quotation omitted).

### 2. Selective Prosecution

Sturgis argues that he was subject to unconstitutional selective prosecution because he was prosecuted in federal court rather than in state court. But Sturgis could have raised this issue on direct appeal, and by failing to do so, he has defaulted his claim. And he has failed to make any argument about cause, actual prejudice, or actual innocence that would overcome the default.

---

[3] Sturgis also argues that his appellate attorney failed to argue several important facts during his resentencing. But he fails to make any argument about how that alleged failure prejudiced him and how the Court's sentence would have been different if those facts had been argued.

*See United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) ("[A] claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence."). Furthermore, even if the Court were to consider Sturgis's selective-prosecution claim, the Court would still reject it. Sturgis carries the burden of establishing a prima facie case of selective prosecution, and to do so he must show that similarly situated people were not prosecuted and the decision to prosecute was motivated by an impermissible purpose, such as race. *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004). Sturgis makes no showing that similarly situated individuals were not prosecuted, so his selective prosecution claim fails.

### 3. Equal Protection

Sturgis argues that at the time he was sentenced, the 100-to-1 crack to powder cocaine ratio used to set mandatory minimums violated his right to equal protection, and because the ratio was unconstitutional, his sentence is unconstitutional. But the Eighth Circuit has rejected equal-protection challenges to the crack-powder ratio. *See United States v. McClellon*, 578 F.3d 846, 861–62 (8th Cir. 2009).

### 4. District Court Errors

Sturgis also argues that the Court erred when it did not require the disclosure of the name of the confidential informant, when it allowed the introduction of Rule 404(b) evidence, and when it determined that Sturgis was a career offender. But all of these claims are barred because they were raised and decided on direct appeal. *See Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012) ("[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." (quotation omitted)); *see also Roberson*, 517 F.3d at 995–96 (career offender); *Roberson*, 439 F.3d at 940–41 (confidential informant and

Rule 404(b) evidence). Sturgis also argues that insufficient evidence supported his conspiracy conviction. But this claim is also barred because it was raised and decided on direct appeal. *See Roberson*, 439 F.3d at 942 ("The evidence here is sufficient to allow a reasonable jury to find . . . Sturgis guilty beyond a reasonable doubt of conspiracy to distribute crack cocaine and of aiding and abetting the possession of crack cocaine.").

### B. Motion for Leave to Supplement

Sturgis moved for leave to supplement his § 2255 motion with claims based on two recent Supreme Court opinions: *Peugh v. United States*, 133 S. Ct. 2072 (2013) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Peugh*, the Court held that "there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." 133 S. Ct. at 2078. But *Peugh* is not applicable here because Sturgis's Guidelines range in his initial sentencing was calculated using the Guidelines manual that was in effect at the time of his offense. The Court in *Alleyne* held that facts that increase the mandatory minimum sentence must be submitted to a jury. 133 S. Ct. at 2160–61. *Alleyne* is inapplicable here because the jury did find the fact that increased Sturgis's mandatory minimum sentence, specifically, the amount of cocaine Sturgis conspired to distribute. (Dkt. 132.)

### C. Motion for Extension of Time

Sturgis also moved for an extension of time to file a reply. The Court, in its discretion, may determine whether to allow a petitioner to submit a reply brief. *See United States v. Moreno*, Crim. No. 11–178, 2013 WL 1104766, at *1 (D. Minn. Mar. 18, 2103) ("[T]he Government's Response does not give the Defendant an automatic right to reply."); *United States v. Crittenton*,

Crim. No. 03–349–2, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008) ("No court has held that Rule 5(d) [of the Rules Governing Section 2255 Proceedings] entitles a petitioner to submit a reply under all circumstances. When a court does not request, permit, or require the additional argument that would be contained in a reply brief, § 2255 petitioners are not prejudiced by denial of an opportunity to file such a brief."). Sturgis sent the Court a lengthy § 2255 motion. After reviewing the materials, the Court concludes that a reply is not necessary and denies Sturgis's request for an extension of time to file a reply.

### D. Motions for Discovery

Sturgis also filed two discovery motions. The first motion is titled "Combined Motion for Discovery Disclosure of Exculpatory Evidence, Grand Jury & Jury Pool Selection, Statements of Reason." (Dkt. 347.) "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure." Rule 6(a) of the Rules Governing Section 2255 Proceedings. "The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy*, 520 U.S. at 909). The Court denies Sturgis's motion because he has not shown that he would be entitled to relief if the evidence requested was produced.

Three weeks after filing his first discovery motion, Sturgis filed his second discovery motion. In that motion, Sturgis asks for some of the sentencing transcripts. (Dkt. 349.) Sturgis argues that because he has been previously allowed to proceed in forma pauperis, he should not be required to pay any associated transcript fees. Under the relevant statute,

13

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C.A. § 753(f). But in his motion Sturgis does not identify any need for the transcripts in order to support a specific claim in his pending proceeding. Consequently, the Court denies Sturgis's second discovery motion. *See United States v. Stubblefield*, Crim. No. 09-225(3) (RHK/FLN), 2011 WL 1583956, at *1–2 (D. Minn. Apr. 27, 2011) (denying defendant's request for free transcripts because he had not identified any need for them to support a claim); *United States v. Williams*, Crim. No. 04-251(1) (ADM/AJB), 2009 WL 2766902, at *1 (D. Minn. Aug. 27, 2009) (same).

### E. Evidentiary Hearing and Certificate of Appealability

Because Sturgis's § 2255 motion conclusively shows that Sturgis is not entitled to relief, the Court denies his § 2255 motion without an evidentiary hearing.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurors would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, "a [certificate of appealability] should issue where the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Id*. Here, Sturgis has not made any showing that reasonable jurists would find the rejection of his claims debatable or wrong. Therefore, the Court declines to grant a certificate of appealability.

### III.    CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Sturgis's § 2255 motion [Docket No. 341] and Motion for Leave to Supplement [Docket No. 348] are DENIED.

2. Sturgis's Motion for the Extension or Enlargement of Time in Which to Reply [Docket No. 351], Combined Motion for Discovery Disclosure of Exculpatory Evidence, Grand Jury & Jury Pool Selection, Statements of Reason [Docket No. 347] and Motion for Production of Discovery [Docket No. 349] are DENIED.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 22, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
